NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

```
_____
                                       :
LINWOOD COLA PARKER,                   :
                                       :  Civil Action No. 13-4791 (RMB)
              Petitioner,              :
                                       :
         v.                            :          OPINION
                                       :
J. HOLLINGSWORTH, et al.,              :
                                       :
              Respondents.             :
_____:
```

This matter comes before the Court upon Petitioner's § 2241 petition, see Docket Entry No. 1 ("Petition"), which was followed by his filing fee. See Docket Entry dated August 13, 2013.

Petitioner is a federal inmate currently confined at the FCI Fort Dix, New Jersey. See generally, Docket. His imprisonment resulted from the conviction and sentence rendered by the United States District Court for the Eastern District of Virginia ("E.D. Va."). See Docket Entry No. 1, at 3; see also USA v. Parker, Crim. Action No. 07-0068 (RBS) (E.D. Va.).

> [Petitioner was convicted] after a jury trial [on the charges] of conspiracy to distribute and possess with intent to distribute cocaine . . . ; possession with intent to distribute cocaine . . . ; nine counts of using communication facilities to commit violations of the Controlled Substances Act . . . ; and [being a] felon in possession of a firearm . . . . He was sentenced to a total of 276 months' imprisonment.[1]

---

[1] Petitioner is asserting that, at trial, he was disputing "the drug weight." Instant Matter, Docket Entry No. 1, at 7.

United States v. Parker, 330 F. App'x 436, 437 (4th Cir. 2009).

Petitioner appealed, see Parker, Crim. Action No. 07-0068, Docket Entry No. 149, and, on May 22, 2009, the Fourth Circuit affirmed his conviction and sentence. See Parker, 330 F. App'x 436. On October 5, 2010, Petitioner filed his first § 2255 motion, together with his application for recusal of his trial judge. See Parker, Crim. Action No. 07-0068, Docket Entries Nos. 216 and 218. The trial judge denied the motion for recusal, see id., Docket Entries Nos. 220-21, as well as his § 2255 motion, and declined to issue a certificate of appealability. See id., Docket Entries Nos. 240 and 241. When Petitioner appealed those determinations, see Docket Entries Nos. 223 and 242, the Fourth Circuit affirmed the district judge's findings. See id., Docket Entry No. 246. Petitioner than sought to reopen his § 2255 matter by an application styled as a Rule 60 motion. See id., Docket Entry No. 249. That application was denied by the trial judge, see Docket Entry No. 250, triggering Petitioner's appeal that determination. See id., Docket Entry No. 250. The Fourth Circuit noted that the Rule 60 application was a de facto second/ successive § 2255 motion filed without leave, and denied it on that ground, as well as on the grounds set forth by the trial judge in denying him a certificate of appealability. See id., Docket Entries Nos. 255-57. Petitioner then filed a de facto third § 2255 motion, and had that application was denied. See

id., Docket Entries Nos. 258-62.  The latest Fourth Circuit determination in this chain of § 2255 matters was entered on June 17, 2013, see id., Docket Entry No. 257, while the latest E.D. Va.'s decision by the District Court for the Eastern District of Virginia was entered on September 26, 2013.  See id., Docket Entry No. 262.[2]  However, on August 9, 2013, while his de facto third § 2255 motion was still pending before the District Court for the Eastern District of Virginia, Petitioner already commenced the case at bar.

Alleging that he is "actually innocent" of the crimes he was convicted of (because he is still disputing the exact amount of cocaine involved in his offenses), Petitioner now seeks § 2241 relief by relying on Alleyne v. United States, 133 S. Ct. 2151 (2013)).[3]  See Instant Matter, Docket Entry No. 1, at 6, 10.

---

[2] In addition, Petitioner sought certiorari with regard to his direct appeal and his § 2255 challenges.  Both applications were denied.  See Parker v. United States, 132 S. Ct. 2731 (2012); Parker v. United States, 558 U.S. 927 (2009).

[3] In Apprendi v. New Jersey, 530 U.S. 466 (2000), the Supreme Court held that a fact must be submitted to a jury and found beyond a reasonable doubt if it increases a defendant's statutory mandatory *maximum* sentence.  Alleyne extended the same to the fact that increased a statutory mandatory *minimum* sentence i.e., brandishing a firearm.  Just yesterday, the Court of Appeals confirmed that Alleyne does not apply retroactively to cases on collataeral review.  See United States v. Galindez, 2014 U.S. App. LEXIS 2887, at *5 (Feb. 18, 2014) ("Alleyne . . . has not been made retroactively applicable by the Supreme Court") (citing Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013)).  Prior to Galindez, numerous courts had held the same. See United States v. Stanley, 2013 U.S. Dist. LEXIS 98943 (N.D. Okla. July 16, 2013); United States v. Eziolisa, 2013 U.S. Dist.

In support of his jurisdictional § 2241 position, Petitioner maintains that the case at bar "is one that is on all four with the actual innocence exception and the inability to bring [Petitioner's] claim previously as [it was in] In re Dorsainvil, 199 F.3d [245] (3d Cir. 1997)." Id. at 10.  Petitioner errs. His attack on his sentence is not cognizable in a § 2241 review.

After his conviction becomes final, a federal prisoner generally may challenge the legality of his conviction or sentence only through a motion filed pursuant to § 2255.  See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). However, the "safety valve" clause of § 2255 allows a petitioner to seek a writ of habeas corpus under § 2241 in the "rare case" in which a § 2255 motion would be "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e); In re Dorsainvil, 119 F.3d at 249-50.  "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255."  Cradle v. Miner, 290 F.3d 536, 539 (3d Cir. 2002).  Rather, a § 2255 motion is inadequate or ineffective "only if it can be shown that some limitation of scope or procedure would prevent a section 2255 proceeding from

---

LEXIS 102150 (S.D. Ohio July 22, 2013); Affolter v. United States, 2013 U.S. Dist. LEXIS 104835 (E.D. Mo. July 26, 2013).

4

affording the prisoner a full hearing and adjudication of his claim of wrongful detention." United States v. Brooks, 230 F.3d 643, 648 (3d Cir. 2000) (quoting Lequillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954) (internal quotation marks omitted).

A § 2255 motion is inadequate or ineffective to test the legality of a conviction where: (a) a petitioner "is being detained for *conduct that has subsequently been rendered non-criminal* by an intervening Supreme Court decision"; and (b) the petitioner is barred from filing a§ 2255 petition. In re Dorsainvil, 119 F.3d at 252 (emphasis supplied).

Here, Petitioner's core conducts underlying his conviction (i.e., conspiracy to distribute cocaine, possession of cocaine with intent to distribute, using communication facilities to commit violations of the Controlled Substances Act, being a felon in possession of a firearm, etc.) were and still are criminal offenses. Nothing in Allayne decriminalized these activities. Accord Galindez, 2014 U.S. App. LEXIS 2887, at *5 ("[Petitioner] does not explain how his claims rely on Alleyne"). Since his dispute is limited solely to the amount of cocaine involved in his offenses, he cannot avail himself to the "safety valve," and his jurisdictional reliance on Alleyne is wholly misplaced.

> Alleyne is an extension of Apprendi v. New Jersey, 530 U.S. 466 . . . . Because we have held that Apprendi claims must be brought pursuant to § 2255, not § 2241, see Okereke, 307 F.3d at 120-21, it follows that Alleyne claims must be brought pursuant to § 2255 as

5

> well. Thus, the District Court [ruled correctly] in dismissing [Petitioner's] § 2241 petition for lack of jurisdiction.

<u>Jackman v. Shartle</u>, 2013 U.S. App. LEXIS 17281, at *3-5 (3d Cir. Aug. 20, 2013) (footnotes omitted).

In light of the foregoing, the Court is obligated to dismiss the Petition for lack of jurisdiction.[4]

An appropriate Order follows.

s/Renée Marie Bumb<br>
<b>RENÉE MARIE BUMB</b><br>
<b>United States District Judge</b>

Dated: February 19, 2014

---

[4] Moreover, this Court finds it not in the interest of justice to construe the Petition as a mislabeled and improperly filed application to the Fourth Circuit seeking leave to file a second/successive § 2255 motion, since the Fourth Circuit already affirmed the E.D. Va.'s denial of Petitioner's two prior § 2255 motions and noted that his second such motion was filed without leave. That being said, no statement made in this Opinion or the Order filed herewith prevents Petitioner from seeking such leave from the Fourth Circuit on his own. This Court expresses no opinion as to substantive or procedural propriety or impropriety of such an application in the event Petitioner elects to file it.